IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MYRA CANTU, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:22-cv-821 |
| J.P. MORGAN CHASE BANK, N.A., | § § § | |
| Defendant. | § § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant J.P. MORGAN CHASE BANK, N.A., more properly identified as JPMorgan Chase Bank, N.A., ("**Chase**"), by and through its undersigned counsel, hereby answers and responds to the August 11, 2022 Original Complaint ("**Complaint**") filed by Plaintiff Myra Cantu ("**Plaintiff**"), as follows:

### INTRODUCTION

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent any response is required, Chase denies the allegations in Paragraph 1 of the Complaint.

2. Chase admits that Plaintiff is an individual who purports to state claims for violations of the Electronic Funds Transfers Act, but denies the remaining allegations in Paragraph 2 of the Complaint.

3. Chase denies Plaintiff is entitled to any relief she seeks in the Complaint.

### JURISDICTION

4. Chase admits that this Court has jurisdiction under 15 U.S.C. § 1693m(g), 28 USC § 1331 and 28 USC § 1367.

5. Chase admits that venue is proper in this District.

6. Chase admits the allegations in Paragraph 6 of the Complaint.

## PARTIES

7. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7 and denies them on that basis.

8. Chase states that it is a national bank chartered under the laws of the United States of America with its main office in Columbus, Ohio.

9. Chase admits the allegations in Paragraph 9 of the Complaint.

## BACKGROUND

10. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 and denies them on that basis.

11. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11 and denies them on that basis.

12. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12 and denies them on that basis.

13. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 and denies them on that basis.

14. Chase admits the allegations in Paragraph 14 of the Complaint.

15. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 and denies them on that basis.

16. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 and denies them on that basis.

17. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 and denies them on that basis.

18. Chase admits the allegations in Paragraph 18 of the Complaint.

19. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 and denies them on that basis.

20. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20 and denies them on that basis.

21. Chase admits the allegations in Paragraph 21 of the Complaint.

22. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22 and denies them on that basis.

23. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 23 and denies them on that basis.

24. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 24 and denies them on that basis.

25. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25 and denies them on that basis.

26. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26 and denies them on that basis.

27. Chase admits the allegations in Paragraph 27 of the Complaint.

28. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 2855 and denies them on that basis.

29. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 29 and denies them on that basis.

30. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 30 and denies them on that basis.

31. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 31 and denies them on that basis.

32. Chase denies the allegations in Paragraph 32 of the Complaint.

33. Chase denies the allegations in Paragraph 33 of the Complaint.

34. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 34 and denies them on that basis.

35. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 35 and denies them on that basis.

36. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 36 and denies them on that basis.

## FACTUAL ALLEGATIONS

### *Defendant violated the Electronic Funds Transfer Act*

37. Chase re-alleges and incorporates each and every response set forth above as if fully stated herein.

38. Chase denies the allegations of Paragraph 38 of the Complaint.

39. Chase denies the allegations of Paragraph 39 of the Complaint.

40. Chase denies the allegations of Paragraph 40 of the Complaint.

### *Defendant did not Investigatge Plaintiff's Claims*

41. Chase denies the allegations of Paragraph 41 of the Complaint.

42. Chase denies the allegations of Paragraph 42 of the Complaint.

43. Chase denies the allegations of Paragraph 43 of the Complaint.

44. Chase denies the allegations of Paragraph 44 of the Complaint.

45. Chase admits the allegations of Paragraph 45 of the Complaint.

46. Chase denies the allegations of Paragraph 46 of the Complaint.

47. Chase denies the allegations of Paragraph 47 of the Complaint.

48. Chase denies the allegations of Paragraph 48 of the Complaint.

49. Chase denies the allegations of Paragraph 49 of the Complaint.

50. Paragraph 50 contains legal conclusions to which no response is required. To the extent any response is required, Chase denies the allegations in Paragraph 50 of the Complaint.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent any response is required, Chase denies the allegations in Paragraph 51 of the Complaint.

## CAUSES OF ACTION

### *Violation of the Electronic Funds Transfer Act and Regulation E*

52. Chase re-alleges and incorporates each and every response set forth above as if fully stated herein.

53. Chase denies the allegations of Paragraph 53 of the Complaint.

54. Chase denies the allegations of Paragraph 54 of the Complaint.

55. Paragraph 55 contains legal conclusions to which no response is required. To the extent any response is required, Chase denies the allegations in Paragraph 55 of the Complaint.

56. Chase denies the allegations of Paragraph 56 of the Complaint.

57. Chase denies the allegations of Paragraph 57 of the Complaint.

58. Chase denies the allegations of Paragraph 58 of the Complaint.

59. Chase denies that Plaintiff is entitled to the relief she seeks in Paragraph 59 of the Complaint.

## *Conversion*

60. Chase re-alleges and incorporates each and every response set forth above as if fully stated herein.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent any response is required, Chase denies the allegations in Paragraph 61 of the Complaint.

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent any response is required, Chase denies the allegations in Paragraph 62 of the Complaint.

63. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 63 and denies them on that basis.

64. Chase denies the allegations of Paragraph 64 of the Complaint.

65. Chase lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 65 and denies them on that basis.

66. Chase denies the allegations of Paragraph 66 of the Complaint.

67. Paragraph 67 contains legal conclusions to which no response is required. To the extent any response is required, Chase denies the allegations in Paragraph 67 of the Complaint.

68. Chase denies that Plaintiff is entitled to the damages she seesk in Paragraph 68 of the Complaint.

## *Negligence*

69. Chase re-alleges and incorporates each and every response set forth above as if fully stated herein.

70. Paragraph 70 contains legal conclusions to which no response is required. To the extent any response is required, Chase denies the allegations in Paragraph 70 of the Complaint.

21025797.1

71. Paragraph 71 contains legal conclusions to which no response is required. To the extent any response is required, Chase denies the allegations in Paragraph 71 of the Complaint.

72. Paragraph 72 contains legal conclusions to which no response is required. To the extent any response is required, Chase denies the allegations in Paragraph 72 of the Complaint.

73. Chase denies the allegations of Paragraph 73 of the Complaint.

74. Chase denies the allegations of Paragraph 74 of the Complaint.

75. Chase denies the allegations of Paragraph 75 of the Complaint.

## DEMAND FOR JURY TRIAL

76. Chase admits that Plaintiff requests a jury trial in the Complaint.

## PRAYER FOR RELIEF

Chase denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph and denies that Plaintiff is entitled to any damages, costs, fees or any other relief whatsoever from or against Chase.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim against Chase upon which relief may be granted.

2. Chase asserts that Plaintiff's claims are barred, in whole or in part, because Chase's conduct was not the producing, nor proximate, cause of Plaintiff's alleged losses, damages, and/or injuries.

3. Chase asserts that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take proper and reasonable steps to avoid, minimize, or mitigate her alleged damages, and to the extent of such failure, the damages allegedly incurred by Plaintiff should be reduced or eliminated.

4. Chase asserts that Plaintiff's claims are barred, in whole or in part, by the applicable equitable doctrines of waiver, laches, and/or estoppel.

5. Chase asserts that Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

6. Chase asserts that Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to or ratified any conduct alleged in the Complaint.

7. Chase asserts that Plaintiff's claims are barred, in whole or in part, by reason of Chase's compliance with applicable contractual provisions, corporate policies, statutes, regulations, agency interpretations, and other provisions of law.

8. Chase asserts that at all times relevant hereto it conducted itself in good faith and in compliance with the EFTA.

9. Chase further states the alleged charges were not unuauthorized.

10. Chase reserves the right to add additional affirmative defenses as the case proceeds and the facts and circumstances surround the case are revealed during discovery.

For the above reasons, Chase respectfully prays that Plaintiff take nothing by reason of this lawsuit and, further, that Chase recover its attorneys' fees and such other and further relief to which this Court deems it to be justly entitled.

Respectfully submitted,

By: */s/ Kathryn B. Davis*
    **GREGG D. STEVENS**
    Texas State Bar No. 19182500
    **MCGLINCHEY STAFFORD PLLC**
    Three Energy Square
    6688 N. Central Expressway, Ste. 400
    Dallas, Texas 75206
    Telephone: (214) 445.2445
    Facsimile: (214) 445.2450
    gstevens@mcglinchey.com

    **KATHRYN B. DAVIS**
    Texas State Bar No. 24050364
    **MCGLINCHEY STAFFORD PLLC**
    1001 McKinney Street, Ste. 1500
    Houston, Texas 77002
    Telephone: (713) 335-2136
    Facsimile: (713) 520-1025
    kdavis@mcglinchey.com

    ***ATTORNEYS FOR DEFENDANT J.P. MORGAN CHASE BANK N.A.***

## CERTIFICATE OF SERVICE

      I hereby certify that on November 2, 2022, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record, in accordance with Federal Rules of Civil Procedure as indicated below:

***Via CM/ECF***
William A. Clanton
Law Office of Bill Clanton, P.C.
926 Chulie Drive
San Antonio, Texas 78216
bill@clantonlawoffice.com

                                            */s/ Kathryn B. Davis*
                                            **KATHRYN B. DAVIS**